**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

RICHARD WALKER,

      Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,
successor by merger to FEDEX GROUND
PACKAGE SYSTEM, INC.,

      Defendant.

Case No. _____

JURY TRIAL DEMANDED

## **COMPLAINT**

Plaintiff, Richard Walker, hereby re-files his Complaint (relevant excerpts of which begin on the third page) against Defendant Federal Express Corporation, successor by merger to FedEx Ground Package System ("FedEx"). Plaintiff previously opted in to the conditionally certified collective action of *Claiborne v. FedEx Ground Package Sys., Inc.*, No. 2:18-cv-01698 (W.D. Pa.), and after that case was voluntarily decertified, filed claims against FedEx in the mass action case of *Brannon v. Federal Express Corp., s/b/m to FedEx Ground Package Sys., Inc.*, No. 2:24-cv-01128 (W.D.Pa.). Plaintiff is listed in the caption and in paragraph 386 of the Complaint. Pursuant to the Court's order in that case dated May 18, 2026, Plaintiff's claims were severed, and Plaintiff was directed to re-file in this District within sixty (60) days so that his claims would not be time-barred (*see* Exhibit A to the Complaint).

Dated:  May 22, 2026     Respectfully submitted,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
Bradley Manewith (*pro hac vice* forthcoming)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com
bmanewith@llrlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RACHEL BRANNON, DAVID BRANNON, DONALD CRUSOE, JR., SHARIKKA DAVIS, DEDRIC DEES, GREGORY DURM, OCTAVIA HALL, JUSTIN JONES, SHANYEKA LACEY, JOSHUA MARCET, KRISTI OWENS, CHARLES SHEARER, JOHN STRIPLING, CARANELL TONEY, JOHN WINTERS, TERESA YARBROUGH, JOSE COLOSIO, GLEN FISHER, JOSE MUNOZ, RYAN SACZAWA, ANTHONY TERRY, SHERRI CARTWRIGHT, TYTARIAN COLLINS, REGINAL MCKISSICK, PEGGY RIVERA, LISA SCOTT, JOSE ARANA PEREZ, SAUL AYON, FERNANDO CANTU, ALLEN CARRILLO, EDWIN CHAGOYA, RANDALL CLARY, JOSE CORTEZ-VELARDE, CATHERINE DAHLSTROM, MARJORIE ESKES, LESLIE HASKINS, FERNANDO HERNANDEZ, FRANCISCO IGLESIAS, JAMES JOHNSON, CHAD JOHNSON, SR., PAUL KING, ANTIONETTE MARTINEZ, ARNULFO NORIEGA, GUSTAVO OLIVEROS, JAASIEL ORTEGA, DUSTIN SMITH, MARTY THOMAS, JR., KELVIN WALLACE, SARINA WIXSON, ARTIN YOUSEFI, KRYSTAL JOHNSON, JESSICA KEY, SAMUEL PEREZ, RYAN BOLDUK, ALEXIS CRUZ, JASON CUEVAS, RICHARD GOULDSBROUGH, GARY KING, JAMIE POWERS, YAHMIRA REYES, RICHARD SOTO, ROBERT COX, ALAN DULIS, ROBERT LEONARD, JOHN ADAMES, ERIC BEISCHER, FELIX BENCOSME, KEVIN BETHEA, ANDREA BILLIK, JOHN BOWDEN, HERBERT CAMPBELL, KENNETH CHOWTIE, JAMES COKER, WILLIE CUYLER, ALYOU DOUMBIA, GARY FUGITT, JEFF GENTILE, GARY GRAHAM, GARY GRULLON, BENJAMIN HARRIS, LARRY JACOBS, MARIO JARAMILLO ESCALANTE , MUSTAPHA KADDOUH, JAMES KLEIN, LUKASZ KLIS, BRANDON LEWIS, AARON | No. 2:24-cv-01128-RJC<br><br>ELECTRONICALLY FILED DOCUMENT<br><br>JURY DEMANDED |

1

DENNIS, AHMAD GRANBY, JAMES
GUSLER, MARK JONES, FELECIA
MADISON, JORDAN ORR, CLIFTON
RICHARDSON, HOPE ROGERS, ESTHER
WALTON, RUBEN DELGADO, DON
JOHNSON, MAGRAND KOL, TERRA
MCGINN, JENNIFER PINGREE, DONAVAN
SATTERWHITE, TIM SCHULTHEIS,
PATRICK SULLIVAN, SCOTT VENG, NEIL
AUSTEN, DEVIN BOYCE, LANCE
SCHULTZ, NICHOLAS BUCHEL,
ANTHONY CRISWELL, JAMES EBERLE,
SANDESH GURUNG, ANGELINA GUTHRIE,
MATTHEW LUND, KRISTINE MEINHARDT,
DANIEL SCHIMANSKI, RICHARD
WALKER, and LARRY YATES,

        Plaintiffs,

    v.

FEDERAL EXPRESS CORPORATION,
successor by merger to FEDEX GROUND
PACKAGE SYSTEM, INC.,

        Defendants.

## FIRST AMENDED COMPLAINT

Plaintiffs bring this action against Defendant Federal Express Corporation, successor by merger to Defendant FedEx Ground Package System, Inc. (collectively, "FedEx"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as under the laws of California, Colorado, New Mexico, New York, and Washington.

## JURISDICTION AND VENUE

1.     Jurisdiction is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.     Venue in proper under 28 U.S.C. § 1391(b)(2).

383.    Plaintiff Matthew Lund is an individual residing in Wisconsin. Lund worked as a delivery driver for FedEx in Wisconsin from approximately 2017 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Lund has been eligible to receive overtime pay under the FLSA because Lund has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

384.    Plaintiff Kristine Meinhardt is an individual residing in Wisconsin. Meinhardt worked as a delivery driver for FedEx in Wisconsin from approximately 2016 to 202017-06-12 but was employed through intermediary entities that FedEx calls independent service providers. Meinhardt has been eligible to receive overtime pay under the FLSA because Meinhardt has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

385.    Plaintiff Daniel Schimanski is an individual residing in Wisconsin. Schimanski worked as a delivery driver for FedEx in Wisconsin from approximately 2018 to 2020 but was employed through intermediary entities that FedEx calls independent service providers. Schimanski has been eligible to receive overtime pay under the FLSA because Schimanski has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

386.    Plaintiff Richard Walker is an individual residing in Wisconsin. Walker worked as a delivery driver for FedEx in Wisconsin from approximately 2016 to 2018 but was employed through intermediary entities that FedEx calls independent service providers. Walker has been eligible to receive overtime pay under the FLSA because Walker has driven a vehicle weighing

102

less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

387.    Plaintiff Larry Yates is an individual residing in Wyoming. Yates worked as a delivery driver for FedEx in Wyoming from approximately 2017 to 2019 but was employed through intermediary entities that FedEx calls independent service providers. Yates has been eligible to receive overtime pay under the FLSA because Yates has driven a vehicle weighing less than 10,001 pounds but has not received overtime pay for hours worked beyond 40 hours per week.

388.    At all relevant times, Plaintiffs worked for FedEx.

389.    Federal Express Corporation is a Delaware corporation with its principal place of business in Memphis, Tennessee.

390.    FedEx Ground Package System, Inc. is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania.

391.    Federal Express Corporation is the successor by merger to FedEx Ground Package System, Inc.

392.    FedEx Ground Package System, Inc. and Federal Express Corporation are referred to herein collectively as "FedEx."

393.    At all relevant times, FedEx has engaged in the business of the delivery of packages nationwide and within the state of Pennsylvania.

394.    FedEx employs thousands of individuals across the country, including Plaintiffs, who have engaged in interstate commerce.

395.    FedEx is an employer under the FLSA and applicable state laws.

**FACTS**

396.    FedEx operates a package pickup and delivery business servicing customers throughout the United States.

397.    FedEx employs thousands of package delivery drivers within the United States, including the named Plaintiffs, who: (a) work for FedEx through intermediary employers called "independent service providers" (ISPs); (b) are classified as "employees" of the FedEx ISPs; (c) have worked more than forty hours per week delivering packages for FedEx but are not paid time-and-a-half compensation for hours worked beyond forty each week; and (d) drive, in whole or in part, vehicles with a gross vehicle weight rating of 10,001 pounds or less. These individuals are referred to herein as "delivery drivers."

398.    Before instituting the ISP model of employing its delivery drivers through intermediary entities, FedEx relied entirely on delivery drivers that it hired directly and purported to classify as "independent contractors", pursuant to standard operating agreements that FedEx required its drivers to sign. After years of defending litigation challenging the employment status of these drivers around the country – during which time multiple courts around the country held that FedEx misclassified its delivery drivers as independent contractors when they were actually FedEx's employees under various state wage laws[1] – FedEx shifted its method of hiring drivers

---

[1]    *See, e.g.*, *Craig et al. v. FedEx Ground Package System, Inc.*, 335 P.3d 66 (Kan. 2014) (FedEx drivers in Kansas were misclassified as independent contractors when they were employees as a matter of law); *Alexander, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 981, 997 (9th Cir. 2014) (same, for FedEx delivery drivers in California); *Slayman, et al. v. FedEx Ground Package System, Inc.*, 765 F.3d 1033, 1046-47 (9th Cir. 2014) (FedEx delivery drivers in Oregon were FedEx's employees under Oregon's economic reality test and Oregon's right to control test). FedEx ultimately settled these and other pending cases challenging its misclassification of drivers as independent contractors.

in many states by contracting with ISPs in an effort to continue to avoid liability under the wage laws for its delivery drivers.

399.    FedEx ISPs are typically responsible for three or more FedEx delivery routes. FedEx requires its ISPs to hire FedEx's workforce of delivery drivers, and FedEx further requires the ISPs to classify these delivery drivers as the ISPs' employees.

400.    However, based on the economic realities of the relationship between FedEx and these drivers, it is clear that the delivery drivers working under the intermediary ISPs are also FedEx employees under the FLSA.

401.    FedEx operates a nationwide network of package handling terminals to serve its customers' package pickup and delivery needs around the country. FedEx advertises its delivery service and negotiates with its customers to provide the package pick-ups and deliveries that are performed by the Plaintiffs and other delivery drivers.

402.    Plaintiffs and other delivery drivers working under ISPs have typically worked full-time and exclusively as FedEx drivers, delivering FedEx's packages to FedEx customers while wearing FedEx uniforms and driving vehicles bearing FedEx's logos and color scheme.

403.    Plaintiffs and other delivery drivers working under ISPs have worked out of FedEx-owned and managed terminals throughout the country, where FedEx managers, package handlers, and other FedEx employees oversee and manage the package delivery operations.

404.    The services rendered by Plaintiffs and other delivery drivers working under ISPs are an integral part of FedEx's business because FedEx is in the business of package delivery, and Plaintiffs and these other delivery drivers physically deliver packages to FedEx's customers on FedEx's behalf.

405.     Plaintiffs and other delivery drivers working under ISPs have performed their delivery work on strict and predictable schedules pursuant to FedEx's same-day delivery requirements. The drivers' schedules are dictated by the volume of packages that FedEx requires be delivered each day on their routes. Neither these drivers, nor the intermediary ISPs who they work under, have any control over the volume of package pickup and delivery work that FedEx assigns the drivers.

406.     FedEx micromanages how Plaintiffs and other delivery drivers working under ISPs perform their work. Some of this micromanaging is performed directly by FedEx managers, and some is performed by the ISPs, pursuant to standards and requirements established by FedEx (and enforced by FedEx). For example:

a.     FedEx requires that the delivery drivers have specific equipment on their van when they perform deliveries for FedEx;

b.     FedEx requires the delivery drivers to wear a uniform bearing FedEx's logos and color scheme and to maintain personal appearance standards established by FedEx;

c.     FedEx requires the delivery drivers to place specific signage on their vans bearing FedEx's name and logo;

d.     FedEx assigns the specific packages that the delivery drivers must deliver and when the packages must be delivered;

e.     FedEx requires the drivers to scan all assigned packages with a specific scanner designated by FedEx upon loading each morning and upon delivery;

f.     FedEx requires the drivers to begin and end each day at a designated terminal operated by FedEx;

106

g.      Customer comments and complaints regarding the drivers' job performance are made directly to FedEx, who uses its own discretion on what action to take;

h.      FedEx has the authority to require its ISPs to terminate the drivers working under them if FedEx believes they should be terminated; and

i.      FedEx closely monitors the job performance of the drivers, tracking whether each delivery is "successful" based on FedEx's own standards.

407.    Some FedEx drivers working under ISPs have worked for different ISPs at times, and even at times directly for FedEx, but their work responsibilities, and procedures they have been required to follow, have not differed in any material way regardless of which ISP they have worked under or whether they have worked directly for FedEx.

408.    For example, many FedEx drivers were initially hired directly by FedEx to perform its deliveries, until FedEx told drivers they had to work under an ISP. These drivers' responsibilities and the procedures they were required to follow did not change in any material way following the conversion to drivers working under ISPs. Drivers continued to report to FedEx terminals each morning, drove a vehicle with a FedEx logo on it, and followed FedEx procedures to complete their assigned deliveries.

409.    FedEx drivers, including drivers such as the Plaintiffs who have worked under intermediary ISPs, have routinely worked more than forty hours per week.

410.    Plaintiffs have driven trucks weighing less than 10,001 pounds. They are thus eligible for overtime pay under the FLSA and state law.

411.    However, Plaintiffs have not received all overtime pay for their work beyond 40 hours per week.

412.    Because FedEx is Plaintiffs' employer under the FLSA and applicable state laws, FedEx is liable to Plaintiffs for the unpaid overtime.

413.    FedEx has avoided its responsibilities under the FLSA and applicable state laws by establishing a system through which FedEx employes Plaintiffs and other drivers through intermediary ISPs. FedEx knew, or should have known, that Plaintiffs and other drivers were not paid overtime that they were owed. FedEx has thus acted with reckless disregard for Plaintiffs' rights.

414.    However, regardless of FedEx's actual or constructive knowledge of this fact, FedEx is Plaintiffs' "employer," as defined by the FLSA and applicable state laws. FedEx is therefore liable for any overtime payments that are due to Plaintiffs other delivery drivers who have worked under ISPs.

## COUNT I
### (Unpaid Overtime Under the FLSA)

415.    The FLSA, 29 U.S.C. § 207(a)(1), requires that employees receive overtime premium pay of "not less than one and one-half times" their regular pay rate for hours worked beyond 40 per workweek. FedEx is liable under the FLSA for unpaid overtime owed to Plaintiffs. FedEx's violation of the FLSA has been willful and in reckless disregard of these drivers' rights.

## COUNT II
### (Unpaid Overtime under California Law)

416.    California entitles employees to overtime premium compensation "at the rate of no less than one and one-half times the regular rate of pay" for hours worked beyond eight hours per day or 40 hours per week. Cal. Lab. Code § 510; *see also* Cal. Lab. Code §§ 1194, 1198. California law also entitles employees to overtime premium "at the rate of no less than twice the regular rate of pay for an employee" for hours beyond 12 hours in one day. Cal. Lab. Code §

108

510. FedEx is liable under California law for unpaid overtime owed to the Plaintiffs who worked in California.

## COUNT III
### (Unpaid Overtime Under Colorado Law)

417.    Colorado law entitles employees to overtime premium compensation "at time and one-half of the regular rate of pay" for hours worked beyond 40 per week, 12 hours per day, or 12 consecutive hours. 7 Colo. Code Regs. § 1103-1:4. FedEx is liable under Colorado law for unpaid overtime owed to drivers who worked in Colorado.

## COUNT IV
### (Unpaid Overtime Under New Mexico Law)

418.    New Mexico law entitles employees to overtime premium compensation at "one and one-half times the employee's regular hourly rate of pay"  for hours worked beyond 40 per week. N.M. Stat. Ann. § 50-4-22. FedEx is liable under New Mexico law for unpaid overtime owed to drivers who worked in New Mexico.

## COUNT V
### (Unpaid Overtime Under New York Law)

419.    New York law entitles employees to overtime premium compensation "one and one-half times the employee's regular rate" for hours worked beyond 40 per week. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2. FedEx is liable under New York law for unpaid overtime owed to drivers who worked in New York.

## COUNT VI
### (Unpaid Overtime Under Washington Law)

420.    Washington law entitles employees to overtime premium compensation "at a rate not less than one and one-half times the regular rate at which he or she is employed" for hours worked beyond 40 per week. Wash. Rev. Code Ann. § 49.46.130. FedEx is liable under Washington law for unpaid overtime owed to the Plaintiffs who worked in Washington.

109

## COUNT VII
### (Declaratory Judgment)

421.    Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, Plaintiffs request a declaration that they were FedEx's employees within the meaning of the FLSA and applicable state laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

A.    Restitution for all unpaid overtime owed to the drivers;

B.    Liquidated damages and prejudgment interest, pursuant to the FLSA and applicable state laws;

C.    All remedies provided by applicable state laws;

D.    Litigation costs, expenses, and attorneys' fees;

E.    Judgment declaring that Plaintiffs were  FedEx's employees within the meaning of the FLSA and applicable state laws; and

F.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on their claims.


Dated: September 24, 2024              Respectfully submitted,

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan (*pro hac vice*) (MA 640716)
Harold Lichten (*pro hac vice*) (MA 549689)
Sarah Schalman-Bergen (PA Bar No. 206211)
Matthew Carrieri (*pro hac vice*) (MA 705192)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800
sliss@llrlaw.com

110

hlichten@llrlaw.com
ssb@llrlaw.com
mcarrieri@llrlaw.com

Jeremy Abay (PA Bar No. 316730)
LICHTEN & LISS-RIORDAN, P.C.
76 E. Euclid Avenue, Suite 101
Haddonfield, New Jersey 08035
(856) 509-5346
jabay@llrlaw.com

*Attorneys for Plaintiffs*

111

112

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2024, I caused a true and correct copy of the foregoing First Amended Complaint to be filed with the Court's CM/ECF system, which constitutes service on Defendant, whose counsel are registered participants on that system.

*s/ Shannon Liss-Riordan*
Shannon Liss-Riordan
